UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY

JOHN J. MROZ                                                                                        PLAINTIFF

v.                                                                        CIVIL ACTION NO. 3:17-CV-647-JRW-LLK

MARK T. ESPER, SECRETARY OF THE ARMY                                                DEFENDANT

# ORDER

The Court **GRANTS** the Defendants' summary judgment motion (DN 26). The Court **DISMISSES** Mroz's claim with prejudice.

# MEMORANDUM OPINION

In 2015, John Mroz groped a female co-worker. As a consequence, he pled guilty to assault. When the Army first began the (byzantine) process of firing him – it takes the Army, on average, over a year to fire someone,[1] longer than it took the same Army to liberate Europe – Mroz told an Equal Employment Opportunity counselor he planned to sue the Army for age discrimination. The Army then opted not to fire him and to instead allow him to retire. In exchange, Mroz agreed to withdraw an age discrimination claim he had filed with the Equal Employment Opportunity Commission.[2]

Frankly, if the Army had not fired Mroz or forced him to resign, Mroz's victim could have sued it for discrimination. So you can't blame the Army for thinking that if it's discrimination to *not* fire him, it couldn't be discrimination *to* fire him.[3]

---

[1] U.S. GOV'T ACCOUNTABILITY OFFICE, GAO-15-191 at 13-14, IMPROVED SUPERVISION AND BETTER USE OF PROBATIONARY PERIODS ARE NEEDED TO ADDRESS SUBSTANDARD EMPLOYEE PERFORMANCE (2015) ("Overall, it can take six months to a year (and sometimes significantly longer) to dismiss an employee.").

[2] Mroz promised in his withdrawal letter that he would "bring no further administrative or judicial action against the US Department of the Army (Army) or any of its employees, in either their official or individual capacities, arising from any events or actions that have allegedly occurred and which gave rise to the matters brought forth in [his] Complaint." DN 26-4.

[3] *Cf. Constellium Rolled Prod. Ravenswood, LLC v. Nat'l Labor Relations Bd.*, 945 F.3d 546, 551 (D.C. Cir. 2019) ("Finally, Constellium argues the Board ignored the Company's obligations under federal and state anti-discrimination laws to maintain a harassment-free workplace.").

But back to Mroz. An employee cannot sue his employer for discrimination after he signs a contract saying he won't sue his employer for previous discrimination – as Mroz did.[4] Moreover, when a claim is not included in the EEOC charge, it generally cannot be brought in a lawsuit.[5] Mroz's wasn't.

In short, Mroz signed a contract saying he wouldn't sue the Army. Because he signed that contract, he can't sue now.

Justin R Walker, District Judge
United States District Court

March 10, 2020

---

[4] DN 26-4 (Mroz: "This is to confirm my decision to withdraw my Equal Employment Opportunity Formal Complaint of Discrimination . . . presently in the pre-complaint stage.").
[5] *Younis v. Pinnacle Airlines, Inc.,* 610 F.3d 359, 361 (6th Cir. 2010) (to properly exhaust a claim before the EEOC, the claimant's "charge must be 'sufficiently precise to identify the parties, and to describe generally the action or practices complained of.'") (quoting 29 C.F.R. § 1601.12(b)).